IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-CV-2614-LTB-CBS

CORY B. SWAIN,

    Plaintiff,

v.

OWENS, INC.,

    Defendant.

_____

STIPULATION AND PROTECTIVE ORDER REGARDING DISCLOSURE OF
"CONFIDENTIAL INFORMATION"
_____

This Stipulation and Protective Order Regarding Disclosure of "Confidential Information" ("Protective Order") is entered into by Plaintiff Cory B. Swain and Defendant Owens, Inc. on the date entered by the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

Plaintiff and Defendant have sought, disclosed, or produced, or anticipate seeking, disclosing, or producing, documents, testimony, and other information that contains or may contain sensitive proprietary, business, financial, client, personal, medical, and personnel information (hereinafter "Confidential Information").  The Court is entering this Order to allow the parties to produce such Confidential Information while preserving it from unauthorized, unnecessary disclosure.

Therefore, the parties stipulate and the Court hereby orders that the following principles and procedures designed to ensure the protection of Confidential Information will govern the production and disclosure of such Confidential Information:

    1.    Scope of Order:  Documents Covered.  Confidential Information will include any

document, testimony, or response to a discovery request, including any extract, abstract, chart, summary, recording, transcription, note, or copy made therefrom, designated as such by Plaintiff or Defendant.  Any party may designate such information as Confidential Information that the party in good faith believes meets the standards for protection set forth in Fed. R. Civ. P. 26(c).

    2.    Designation Of Confidential Information.  Information may be designated as Confidential Information in the following manner:

    a.    By imprinting or affixing a label with the word "Confidential" or "CONFID" on the first page or cover of any document; or

    b.    By typing the word "Confidential" or "CONFID" or imprinting or affixing a label with the word "Confidential" or "CONFID" next to or above any response to an Interrogatory or Request for Admission; or

    c.    With respect to information which has previously been disclosed, or documents that have previously been produced, by giving written notice to opposing counsel designating the specific information as confidential within fifteen days after the Court approves this Protective Order; or

    d.    With respect to testimony that is not transcribed, by giving written notice to opposing counsel designating such portions as confidential no later than thirty days after the testimony is given; or

    e.    With respect to transcribed testimony, by designating such portions as confidential on the record at the time such testimony is given or by designating such portions as confidential no later than thirty days following receipt of the transcribed testimony.

    3.    Objections to Designations.  If a party objects to the opposing party's designation

of certain information as Confidential Information, the objecting party will inform the designating party of such objection on the record during a deposition or in writing within fifteen days of its receipt of the designated information. The parties will attempt first to resolve such dispute in good faith and on an informal basis. If the parties are unable to resolve their dispute, the designating party will raise the issue with the Court (formally or informally) within twenty days after the notice of the objection is given by the objecting party. In any such dispute, the designating party will at all times bear the burden of proving the information designated as Confidential Information meets the standards for protection set forth in Fed. R. Civ. P. 26(c). The information at issue will continue to have Confidential Information status during the pendency of any such dispute and/or motion. If the designating party fails to raise the issue with the Court within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information under the terms of this Protective Order.

    4.    Limitations on Disclosure of Confidential Information. All information disclosed by Plaintiff or Defendant designated as Confidential Information will be subject to the following restrictions:

    a.    Confidential Information shall be used by the persons or entities to whom such information is disclosed solely for purposes of this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided under this Protective Order; and,

    b.    Individuals, including Plaintiff and Defendant, receiving and/or reviewing Confidential Information pursuant to this Protective Order will be informed

by respective counsel to hold such information in the strictest confidence and not to divulge the information, either verbally or in writing, to any other person, entity (including the media), or local, state, or federal government agency, unless ordered to do so by a court of law.  Individuals who are to receive and/or review Confidential Information must agree to be bound by this provision before the information will be disclosed to them, and the information may be provided to them only after they have fully executed an "Acknowledgement of Stipulation and Protective Order," a copy of such being attached hereto as Exhibit "A".

5. Parties' Own Documents.  The fact that some documents are designated as Confidential Information under this Order will not affect any party's right to permit material that it designated as Confidential Information to be revealed to, discussed with, viewed by, or disclosed to anyone that it wishes.  This Protective Order will not affect any party's freedom to deal with its own documents in the manner of its choosing.

6. Submission of Confidential Information to the Court.  Any pleading, brief, or other document filed with the Court that specifically discusses the contents of, quotes from, or incorporates specific information from any "Confidential Information" will be filed in a sealed envelope on which will be written the title of this action and the words, "CONFIDENTIAL INFORMATION COVERED BY COURT ORDER", and shall comply with D.C.Colo.LCivR 7.2.

7. Errors in Designation.  A party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production shall make a correction within fifteen days.  Such correction and notice thereof shall be made in writing accompanied by

substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the Producing Party shall, to the extent reasonably feasible, return to the Producing Party or destroy all copies of such undesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after date of designation.

8.      Improper Disclosure.  If information designated pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the party that designated the material, and shall make every effort to prevent further improper disclosure.

9.      Use of Designated Material at Trial.  If a party seeks to introduce Confidential Information into evidence at trial, that party shall promptly inform the Court of the confidential nature of the information and request that only the Court and those persons permitted access to such information under this Stipulation and Protective Order be present during the presentation of such evidence.

10.     Survival.  The terms of this Protective Order shall survive termination of this litigation.

11.     Final Disposition of Confidential Information.  Upon termination of this litigation following settlement or final judgment (including exhaustion of any possible appeals), the originals and all copies of Confidential Information shall be returned to counsel for the parties, who will either destroy them or place them in counsel's files or archives, and counsel will make every effort

to ensure that they are maintained there and will not be disseminated to other persons or entities unless required by court order or subpoena.

12. Copies of Confidential Information. Counsel for the parties and the parties themselves understand the confidential nature of Confidential Information, and agree to limit their copying of Confidential Information to that which they believe is reasonably necessary for the prosecution/defense of this litigation. Copies of Confidential Information, and documents prepared by an expert that incorporate or reveal Confidential Information, will be subject to the same treatment under this Order as the original Confidential Information.

13. No Position as to Admissibility. By agreeing to the entry of this Protective Order, the parties adopt no position as to the admissibility of information disclosed pursuant to the Protective Order. Furthermore, nothing in this Protective Order will preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which Confidential Information will be treated at trial.

14. Continuing Jurisdiction. The termination of this action will not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Order, and the Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

This Stipulation and Protective Order Regarding Disclosure of "Confidential Information" is approved by and entered as an order of the Court.

DATED at Denver, Colorado, this 15th day of September, 2005.

BY THE COURT:

                                              s/Craig B. Shaffer
                                              Craig B. Shaffer
                                              United States Magistrate Judge

Agreed to and Approved:

s/ Sean M. McCurdy
Sean M. McCurdy.
MCCURDY & EICHSTADT, P.C.
1120 Lincoln Street, Suite 1306
Denver, Colorado  80203-2140
Telephone:  (303) 832-8870
FAX:  (303) 832-8871
E-mail:  mccurdy@mccurdy-eichstadt.com
Attorney for Plaintiff Cory B. Swain


s/ Catherine A. Ricca
Catherine A. Ricca
Miletich & Ricca, LLC
600 17th Street, Suite 2010 South
Denver, Colorado  80202
Telephone:  (303) 407-0830
Fax:  (303) 407-0837
E-Mail:  cricca@mrlawllc.com
Attorney for Defendant Owens, Inc.